1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   KIMBERLY A. MOHR,              )  Case No. EDCV 07-1536-OP
                                    )
12                    Plaintiff,    )
          v.                        )  MEMORANDUM OPINION AND
                                    )  ORDER
13   MICHAEL J. ASTRUE,             )
     Commissioner of Social         )
14   Security,                      )
                                    )
15                    Defendant.    )
     _____)
16

17        The Court[1] now rules as follows with respect to the three disputed issues

18   listed in the Joint Stipulation ("JS").[2]

19   / / /

20   / / /

21

22   _____

23        [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
     the United States Magistrate Judge in the current action.  (See Dkt. Nos. 8, 9.)

24        [2]  As the Court advised the parties in its Case Management Order, the
25   decision in this case is being made on the basis of the pleadings, the
     Administrative Record ("AR"), and the Joint Stipulation filed by the parties.  In
26   accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
27   determined which party is entitled to judgment under the standards set forth in 42
28   U.S.C. § 405(g).

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the treating physician's opinion;

2. Whether the ALJ properly considered the type, dosage, effectiveness, and the side effects of Plaintiff's medications; and

3. Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 2.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450,

2

1    1452 (9th Cir. 1984).

2                                    **III.**

3                            **DISCUSSION**

4    **A.    Case Background.**

5            In a determination issued on or about November 19, 1996, Plaintiff was

6    found disabled as of September 1, 1996.  On June 28, 2005, it was determined that

7    as of June 27, 2005, Plaintiff was no longer disabled.  This determination was

8    upheld upon reconsideration after a disability hearing by a state agency disability

9    hearing officer.  On January 11, 2007, Plaintiff appeared and testified at a hearing

10   in San Bernardino, California.  On April 19, 2007, an unfavorable decision issued.

11   Plaintiff filed a written request for review of hearing decision.  On August 20,

12   2007, the Appeals Council denied that request.  (JS at 2.)

13   **B.    The ALJ Properly Considered the Treating Physician's Opinion.**

14           The ALJ found that Plaintiff had the medically determinable and severe

15   impairments of mood disorder, NOS; personality disorder, NOS, with borderline

16   personality traits; history of marijuana abuse, methamphetamine abuse, and

17   alcohol abuse; noninsulin dependent diabetes; and left eye vision loss.  (AR at 16.)

18   The ALJ found that Plaintiff had the residual functional capacity ("RFC") to

19   "perform simple tasks in an object oriented setting requiring no safety operations

20   or hypervigilence, no depth perception, only occasional interaction with

21   coworkers or supervisors, and only superficial contact with the public."  (Id.)  He

22   concluded that Plaintiff exhibited medical improvement and that her disability

23   ended as of June 27, 2005.  (Id. at 17, 20.)

24           Plaintiff contends the ALJ failed to properly consider the opinions of her

25   treating physician, Dr. Murad, who on December 18, 2006, completed a Mental

26   Assessment questionnaire on behalf of Plaintiff.  (JS at 3; AR at 368-71.)  The

27

28                                     3

1 | Court does not agree.

2 |       In the questionnaire, Dr. Murad found that Plaintiff had a host of moderate
3 | limitations, including her ability to remember locations and work-like procedures,
4 | understand and remember short and simple instructions, carry out detailed
5 | instructions, maintain attention and concentration, perform activities within a
6 | schedule, maintain regular attendance, complete a normal workday and work week
7 | without interruptions from psychologically based symptoms, perform at a
8 | consistent pace, interact with the general public, ask questions and request
9 | assistance, get along with coworkers and peers without distracting them or
10 | exhibiting behavioral extremes, maintain socially appropriate behavior, respond to
11 | appropriate changes in the work setting, and awareness of normal hazards.  (AR at
12 | 368-71.)  Dr. Murad found Plaintiff markedly limited in her ability to understand
13 | and remember detailed instructions (id. at 368), accept instruction and respond
14 | appropriately to criticism from supervisors (id. at 369), and travel in unfamiliar
15 | places or use public transportation (id. at 370).

16 |       It is well-established in the Ninth Circuit that a treating physician's
17 | opinions are entitled to special weight, because a treating physician is employed to
18 | cure and has a greater opportunity to know and observe the patient as an
19 | individual.  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The
20 | treating physician's opinion is not, however, necessarily conclusive as to either a
21 | physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881
22 | F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion
23 | depends on whether it is supported by sufficient medical data and is consistent
24 | with other evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating
25 | physician's opinion is uncontroverted by another doctor, it may be rejected only
26 | for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

27 |

28 |                           4

1  1995); <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991).  Where, as here,
2  the treating physician's opinion is controverted, it may be rejected only if the ALJ
3  makes findings setting forth specific and legitimate reasons that are based on the
4  substantial evidence of record.  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir.
5  2002); <u>Magallanes</u>, 881 F.2d at 751; <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th
6  Cir. 1987).  Contrary opinions of examining and non-examining physicians "serve
7  as additional specific and legitimate reasons" for rejecting the opinions of treating
8  and examining physicians.  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir.
9  2001); <u>see also</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1423, 1433 (9th Cir. 1995)
10 (self- contradictory nature of treating physician opinion was "clear and
11 convincing" reason for rejection).

12         In his decision the ALJ stated:

13             As for the opinion evidence, I can give little weight to the treating
14         source assessment [of Dr. Murad] at Exhibit 15F.  It suggests that the
15         claimant is markedly limited in two rather key areas of functioning, but
16         the treating source offered no narrative explanation of the summary
17         findings which were framed as alternative situations, i.e., traveling in
18         unfamiliar places or using public transportation, and the treating source
19         records indicated no symptoms that would support a finding of marked
20         impairment in either situation.  I have also noted that the treating
21         sources have never really questioned the claimant closely about her
22         substance abuse history and that they are unaware of the claimant's
23         admissions about what is at least significant alcohol abuse since it is
24         reasonable to conclude that the claimant like most abusers
25         underreported her substance abuse.

26 (AR at 19.)

27

28                                        5

Plaintiff raises several issues with respect to this report.  She contends the ALJ:  1) failed to specifically address the areas of marked limitations; 2) failed to discuss any of the moderate functional limitations; 3) failed to identify the treating sources he believed had failed to question Plaintiff about her substance abuse history; and 4) based his decision on his own subjective assumption that Plaintiff underreported her substance abuse.[3]  (JS at 4.)

To the extent that the form did not contain an explanation for Dr. Murad's conclusions, the ALJ may properly reject the assessment.  Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases of their conclusions); see also Thomas, 278 F.3d at 957 (holding that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").  This alone is a specific and legitimate reason for rejecting Dr. Murad's conclusions.

Moreover, substantial evidence supported the ALJ's decision.  The medical expert, Dr. Glassmire, testified that Plaintiff did not have a record of hospital admission since the 1990s.  (AR at 16-19, 389-90.)  He also noted that Dr. Murad's findings simply were not supported by the medical record, which, for example, suggested no problems with memory.  (Id. at 19, 390-91.)  Dr. Glassmire also reported that the record reflected no restrictions in activities of daily living, moderate difficulties maintaining social functioning, moderate difficulties with maintaining concentration, persistence, and pace and, with alcohol, one or two

---

[3]  While this may to some extent be true, Plaintiff was not even claiming alcohol or drug abuse as an impairment.  Yet, after some persistent questioning of Plaintiff (AR at 429-30, 433-36), and based also on Dr. Smith's report (id. at 302), the ALJ nevertheless found it to be a severe impairment.  (Id. at 16, 17.)  Thus, any error was harmless.

episodes of decompensation.  (<u>Id.</u> at 17, 387-88.)  He limited Plaintiff to simple, object-oriented tasks with only superficial public contact and occasional co-worker and supervisor contact.  (<u>Id.</u> at 17, 388-89.)  Due to presumed alcohol abuse, he also limited Plaintiff to no responsibility for the safety of others or use of dangerous equipment.  (<u>Id.</u> at 17, 389.)

The ALJ also noted that consultative examiner Dr. Linda Smith, a psychiatrist, found only mild symptoms in an April 2005 examination.  (<u>Id.</u> at 16, 299-307.)  Plaintiff appeared to be of at least average intelligence, and she had no memory problems.  (<u>Id.</u> at 304.)  Dr. Smith diagnosed only a mood disorder, not otherwise specified, noting that Plaintiff's description of panic attacks seemed to be actually describing low blood sugar, and the details of her alleged manic episodes were not reliable.  (<u>Id.</u> at 300, 306.)  Dr. Smith also found indications that Plaintiff was not truthful.  For example, she claimed to have panic attacks but could not describe them "at all."  (<u>Id.</u> at 300.)  Dr. Smith also noted that treating records suggested that Plaintiff was "making up stories" to go to the hospital; she also admitted to lying about her marital status and drug and alcohol use during the consultative examination as well as during the ALJ hearing.  (<u>Id.</u> at 16, 19, 301-05, 428-30, 433-36.)  Where, as here, an examining physician's opinion rests on independent objective tests and clinical findings, the opinion may itself be substantial evidence.  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995).

Finally, the report of the State Agency physician who reviewed the medical evidence and found only mild to moderate functional limitations provides further support for the ALJ's finding that Plaintiff's impairments did not result in functional limitations precluding all work activity.  (<u>See</u> AR at 331-48); <u>see also</u> 20 C.F.R. § 416.927(f) (2007); Soc. Sec. Ruling 96-6p ("Findings of fact made by State Agency medical and psychological consultants and other program

physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the [ALJ] and Appeals Council level of administrative review").

Based on the above and on its own review of the record, the Court finds no evidence that the ALJ improperly rejected the opinions of Plaintiff's treating physician.  Thus, there was no error.

## C.    <u>The ALJ Did Not Err with Respect to Consideration of Plaintiff's Medications.</u>

In her "Disability Report-Appeal" Plaintiff reported that she was taking Metformin (for diabetes), Zoloft (for depression), and Seroquel (for bipolar disorder), and that she was experiencing the side effects of diarrhea and drowsiness.  (AR at 150.)  In the Joint Stipulation, Plaintiff provides a list of potential side effects her medications are capable of producing, claiming these side effects can have an "impact . . . upon Plaintiff's ability to obtain and sustain full-time competitive employment."[4]  (JS at 9-10, 11.)  Plaintiff contends that the ALJ failed to properly consider the type, dosage, and side effects of these drugs without providing legally sufficient reasons.  (<u>Id.</u> at 9, 11.)  The Court does not agree.

Under Ninth Circuit law, the ALJ must "consider *all* factors that might have a 'significant impact on an individual's ability to work.'"  <u>Erickson v. Shalala</u>, 9 F.3d 813, 817 (9th Cir. 1993) (<u>quoting</u> <u>Varney v. Sec'y of Health & Human Servs.</u>, 846 F.2d 581, 585 (9th Cir.), <u>relief modified</u>, 859 F.2d 1396 (1988)).  Such factors "may include side effects of medications as well as subjective evidence of pain."  <u>Erickson</u>, 9 F.3d at 818.  When the ALJ disregards the claimant's

---

[4]  The Court notes that Plaintiff does not list diarrhea as a side effect of any of these medications.  (<u>See</u> JS at 9-10.)

8

testimony as to subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications.[5]  See Varney, 846 F.2d at 545; see also Muhammed v. Apfel, No. C 98-02952 CRB, 1999 WL 260974, at *6 (N.D. Cal. 1999).

However, medication side effects must be medically documented in order to be considered.  See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).  In this case, Plaintiff denied that she was experiencing any side effects from her medications.  (See, e.g., AR at 288, 289, 352, 355.)  On June 20, 2002, the Court found a medical note indicating that Plaintiff's Clonazepam made her sleepy.  (Id. at 284.)  This is not a medication she currently reports taking; apparently that medication was discontinued.  The Court finds no other medical notes that reflect Plaintiff was experiencing any medication side effects.  (See generally id. at 61-375.)  Further, Plaintiff did not report any side effects during her hearing testimony and, in fact, noted that the medications she was taking "somewhat" help her.  (Id. at 423.)

Accordingly, there was no reason for the ALJ to mention the alleged side effects of the various medications.  Thus, there was no error in his failure to do so.

**D.   The Hypothetical Posed to the Vocational Expert Was Proper.**

Plaintiff contends that the ALJ erred because the hypothetical questions posed to the VE failed to take into account any mention of the impairments and functional limitations determined by Dr. Murad as discussed previously.  (JS at 12.)  The Court disagrees.

_____

[5]  As diarrhea does not appear to be a side effect of any of these medications (see supra n.4), there was no error in the ALJ's disregard of this alleged side effect.

9

1  "In order for the testimony of a VE to be considered reliable, the

2  hypothetical posed must include 'all of the claimant's functional limitations, both

3  physical and mental' supported by the record." <u>Thomas</u>, 278 F.3d at 956 (<u>quoting</u>

4  <u>Flores v. Shalala</u>, 49 F.3d 562, 570-71 (9th Cir. 1995)).  Hypothetical questions

5  posed to a VE need not include all alleged limitations, but rather only those

6  limitations which the ALJ finds to exist.  <u>See, e.g.</u>, <u>Magallanes</u>, 881 F.2d at

7  756-57; <u>Copeland v. Bowen</u>, 861 F.2d 536, 540 (9th Cir. 1988); <u>Martinez v.</u>

8  <u>Heckler</u>, 807 F.2d 771, 773-74 (9th Cir. 1986).  Thus, an ALJ must propose a

9  hypothetical that is based on medical assumptions, supported by substantial

10  evidence in the record, that reflects the claimant's limitations.  <u>Osenbrock v.</u>

11  <u>Apfel</u>, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (<u>citing</u> <u>Roberts v. Shalala</u>, 66 F.3d

12  179, 184 (9th Cir. 1995)); <u>see also</u> <u>Andrews</u>, 53 F.3d at 1043 (although the

13  hypothetical may be based on evidence which is disputed, the assumptions in the

14  hypothetical must be supported by the record).

15  As previously discussed, the record evidence did not support the

16  conclusions of Dr. Murad.  Accordingly, there was no error in the ALJ's

17  hypothetical questions to the VE which did not include these limitations.  <u>Rollins</u>

18  <u>v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of

19  the limitations that he found to exist, and because his findings were supported by

20  substantial evidence, the ALJ did not err in omitting the other limitations that

21  Rollins had claimed, but had failed to prove.").

22  / / /

23  / / /

24  / / /

25  / / /

26

27

28  10

# IV.

## <u>ORDER</u>

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.


DATED: March 18, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge

11